SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone:   310-277-7200
Facsimile:   310-201-5219

SEYFARTH SHAW LLP
Kiran S. Lopez (SBN 252467)
klopez@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, CA  94105
Telephone:   415-397-2823
Facsimile:   415-397-8549

Attorneys for Defendant
KELLY SERVICES USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VELASQUEZ, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>KELLY SERVICES USA, LLC, a California Corporation; PHILLIPS-MEDISIZE COSTA MESA, LLC, a California Corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.<br><br>**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**<br><br>Orange County Superior Court<br>Case No. 30-2021-01201136-CU-WT-CJC<br><br>*Complaint Filed: May 13, 2021*<br>*Trial Date: None.* |

DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL

# **TABLE OF CONTENTS**

I.  PROCEDURAL BACKGROUND IN STATE COURT ..........................................1

II.  TIMELINESS OF REMOVAL ..............................................................................2

III.  DIVERSITY JURISDICTION ...............................................................................2

    A.  There Is Complete Diversity Of Citizenship In This Case ............................2

        1.  Plaintiff Is A Citizen Of California......................................................3

        2.  Kelly Is Not A Citizen Of California...................................................3

        3.  Phillips-Medisize Costa Mesa, LLC Is Not A Citizen Of California .............................................................................................4

        4.  Doe Defendants Should Be Disregarded ............................................6

    B.  The Amount In Controversy Requirement Has Been Met..............................6

        1.  Standard To Demonstrate Amount In Controversy .............................6

        2.  Plaintiff's Alleged Loss Of Earnings Exceeds $75,000 .....................8

        3.  General And Punitive Damages Exceed $75,000................................9

        4.  Attorneys' Fees Exceed $75,000 .....................................................10

IV.  VENUE................................................................................................................12

V.  SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT ...................................................................12

VI.  PRAYER FOR REMOVAL ................................................................................12

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ackerman v. Western Elec. Co., Inc.*,
  643 F. Supp. 836 (N.D. Cal. 1986) .................................................................. 7

*Cassino v. Reichhold Chemicals, Inc.*,
  817 F.2d 1338 (9th Cir. 1997) ........................................................................ 6

*Conrad Assoc. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ............................................................... 5

*Crum v. Circus Circuit Enters.*,
  231 F.3d 1129 (9th Cir. 2000) ........................................................................ 6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S.Ct. 547 (2014) ........................................................................................ 5

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ....................................................................... 5, 8

*In re Digimarc Corp. Derivative Litig.*,
  549 F.3d 1223 (9th Cir. 2008) ........................................................................ 2

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) ......................................................................................... 2

*Fristos v. Reynolds Metals Co.*,
  615 F.2d 1209 (9th Cir. 1980) ........................................................................ 4

*Fritsch v. Swift Transp.*,
  899 F. 3d 785 (9th Cir. 2018) ......................................................................... 8

*Gallegos v. Los Angeles City College*,
  2003 WL 23336379, Case No. SC270424 (Los Angeles County Sup. Ct.
  Oct. 16, 2003) ................................................................................................... 9

*Galt*, 142 F.3d at 1156 ....................................................................................... 8

*Glenn-Davis v. City of Oakland*,
  No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) ................................. 6

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ..................................................................... 5

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S.Ct. 1181 (2010) ........................................................... 3

*James v. Childtime Childcare, Inc.*,
   No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
   2007) ............................................................................................................ 6

*Johnson v. Columbia Props. Anchorage*,
   LP, 437 F.3d 894 (9th Cir. 2006) ........................................................... 3, 4

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ..................................................................... 2

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................... 2

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   119 S. Ct. 1322 (1999) ............................................................................... 2

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) ..................................................................... 5

*Secru v. Laboratory Corp. of America*,
   No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
   2009) ............................................................................................................ 6

*Singer v. State Farm Mut. Auto Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ..................................................................... 5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ..................................................................... 2

*Thompson v. Big Lots Stores, Inc.*,
   No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) ....... 7, 8

*Traxler v. Multnomah Cty.*,
   569 F.3d 1007 (9th Cir. 2010) ................................................................... 6

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ................................................................... 5

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

*Ward v. Cadbury Schweppes Bottling Grp.*,
 09CV03279, 2011 WL 7447633 (C.D. Cal) ........................................................... 7

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
 No. B185408, 2007 WL 2014301 (Cal. Ct. App. 2d. Dist. July 13, 2007) .............. 9

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
 132 Cal. App. 4th 359 (2005) ................................................................................. 8

**Federal Statutes**

28 U.S.C. § 84(c)(2) ................................................................................................... 9

28 U.S.C. § 133 .......................................................................................................... 4

28 U.S.C. § 1332 ..................................................................................................... 1, 2

28 U.S.C. § 1332(a) .................................................................................................... 9

28 U.S.C. § 1332(c) .................................................................................................... 4

28 U.S.C. § 1332(c)(1) ............................................................................................ 3, 4

28 U.S.C. § 1441 ..................................................................................................... 1, 9

28 U.S.C. § 1441(a) ................................................................................................ 4, 9

28 U.S.C. § 1441(b) .................................................................................................... 9

28 U.S.C. § 1446 ......................................................................................................... 1

28 U.S.C. § 1446(a) .................................................................................................... 9

28 U.S.C. § 1446(b) .................................................................................................... 2

28 U.S.C. § 1446(d) .................................................................................................... 9

**State Statutes**

California Government Code § 12940 ......................................................................... 1

California Government Code § 12965(b) .................................................................... 8

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.)............................................7

*Crawford v. DIRECTV, Inc.*,
    No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.)............................9

*Denenberg v. Cal. Dep't of Transp.*,
    No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.)..............................9

*Leimandt v. Mega RV Corp.*,
    No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.)........................7

*Welch v. Ivy Hill Corp.*,
    No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.)............................................7

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Kelly Services USA, LLC ("Kelly") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. §1332. Kelly states that removal is proper based on diversity jurisdiction because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

## I.   PROCEDURAL BACKGROUND IN STATE COURT

On May 13, 2021, Plaintiff Michael Velasquez ("Plaintiff") filed a Complaint entitled, "*MICHAEL VELASQUEZ, Plaintiff v. KELLY SERVICES USA, LLC.; PHILLIPS-MEDISIZE COSTA MESA, LLC; and DOES 1 through 10, inclusive, Defendants*" ("Complaint"), Orange County Superior Court Case No. 30-2021-01201136-CU-WT-CJC. The Complaint alleges four causes of action for: (1) Discrimination in Violation of California Government Code Section 12940 (Race); (2) Harassment in Violation of California Government Code Section 12940 (Race); (3) Retaliation in Violation of California Government Code Section 12940 (Engaging in A Protected Activity); and (4) Wrongful Constructive Termination. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On June 7, 2021, Kelly was served with copies of the Summons, Complaint, Notice of Case Management Conference, and Civil Case Cover Sheet through its agent for service of process, The Corporation Company, in Los Angeles, California. *See* concurrently filed Declaration of Nathaniel Reyes ("Reyes Decl.") at ¶3 and Exhibit A (service package).

Kelly filed its Answer in the Orange County Superior Court on July 6, 2021. *See* concurrently filed Declaration of Kiran Lopez ("Lopez Decl.") at ¶3. A true and correct copy of Kelly's Answer is attached hereto as **Exhibit 2**.

---

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

Exhibits 1 and 2 attached hereto and Exhibit A to the concurrently filed Reyes Declaration constitute all of the pleadings served on Kelly and/or filed by Kelly in the Orange County Superior Court prior to filing of this Notice of Removal. *See* Lopez. Decl. at ¶4. A Case Management Conference is on calendar in the Orange County Superior Court for October 19, 2021. *Id*.

## II.   TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service on Kelly, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1325 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.   DIVERSITY JURISDICTION

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332.

### A.   There Is Complete Diversity Of Citizenship In This Case

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties have complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Kelly's and Phillips' citizenship.

DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.    *Plaintiff Is A Citizen Of California*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that he "is, and at all times mentioned herein, a resident of the County of Los Angeles, and is a citizen of the State of California." Complaint at ¶1. Based on Kelly's records, the only home address listed for Plaintiff was in Long Beach, California. Reyes Decl. at ¶4.

Therefore, Kelly is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

### 2.    *Kelly Is Not A Citizen Of California*

In a removal, a limited liability company is treated as a partnership for purposes of diversity, and is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities …. [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

Kelly is now, and was at the time of the filing of this action, a limited liability company organized and formed under the laws of the State of Delaware. Reyes Decl. at ¶5. Kelly's sole member is Kelly Services, Inc. ("KSI"). *Id*.

KSI is incorporated in the State of Delaware, with its principal place of business and headquarters in Troy, Michigan. Reyes Decl. at ¶6. All of KSI's corporate executives, including its CEO, CFO, President, and its senior leadership team, including a majority of its Senior Vice Presidents, have been and continue to be based in Troy, Michigan. *Id*. All of KSI's corporate executives and the majority of its Senior Vice Presidents have maintained and continue to maintain their offices in Troy, Michigan, and have performed and continue to perform their primary duties and job functions in Troy, Michigan. *Id*. None of KSI's corporate executives are located outside of Troy, Michigan. *Id*. Additionally, KSI's executive and administrative operations are managed from its Troy, Michigan corporate headquarters, including but not limited to those operations relating to the setting and administering of its company-wide policies and procedures, finance, payroll, human resources, legal affairs, and the general business operations of KSI. *Id*. at ¶7.

Therefore, at all times since Plaintiff commenced this lawsuit, Kelly is and has been a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). At all relevant times, Kelly is and has been a citizen of the States of Delaware and Michigan.

**3.    *Phillips-Medisize Costa Mesa, LLC Is Not A Citizen Of California*[1]**

As noted above, for the purposes of diversity jurisdiction, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1) (a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal

---

[1] Phillips-Medisize Costa Mesa, LLC does not oppose, and intends to file a Joinder to, this Notice of Removal. Lopez Decl. at ¶5.

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

place of business). Defendant Phillips-Medisize Costa Mesa, LLC's ("Phillips") is a limited liability company formed under the laws of Delaware. *See* Declaration of Diane Vinh at ¶4. Phillips-Medisize has one member and is a wholly owned subsidiary of Molex, LLC. ("Molex"). *Id*. at ¶5. Molex is a limited liability company formed under the laws of Delaware with its principal place of business in Lisle, Illinois. *Id*. at ¶6. Molex's headquarters are located in Lisle, Illinois. *Id*. at ¶7. Molex's primary financial and administrative offices are located in its headquarters in Illinois. *Id*. Additionally, the majority of Molex's executives, officers, and directors are located at, and direct, control, and coordinate Molex's activities primarily from its headquarters in Illinois. *Id*. Molex has one member and is a wholly owned subsidiary of MLX Electronic Holdings, LP, formed under the laws of Delaware. *Id*. at ¶8. MLX Electronic Holdings, LP is member managed by its General Partner, MLX Integrated Products (GP), LLC, the officers and directors of which are primarily located at, and direct, control, and coordinate MLX Electronic Holdings, LP's activities from MLX Integrated Products (GP), LLC's headquarters in Illinois. *Id*. at ¶9. MLX Integrate Products (GP), LLC, has one member and is a wholly owned subsidiary of MLX Integrated Holdings, LLC, which is a limited liability company formed under the laws of Delaware, the officers and directors of which are primarily located at, and direct, control, and coordinate MLX Integrated Holdings, LLC's activities from its headquarters in Illinois. *Id*. at ¶10.

MLX Integrated Holdings, LLC, has one member and is a wholly owned subsidiary of MLX Worldwide Investments, LLC, which is a limited liability company formed under the laws of Delaware, the officers and directors of which are primarily located at, and direct, control, and coordinate MLX Worldwide Investments, LLC's activities from its headquarters in Illinois. *Id*. at ¶11. MLX Worldwide Investments, LLC, has one member and is a wholly owned subsidiary of Molex Connectors, LLC, which is a limited liability company formed under the laws of Delaware, the officers and directors of which are primarily located at, and direct, control, and coordinate Molex Connectors, LLC's activities from its headquarters in Illinois. *Id*. at ¶12. Molex Connectors, LLC has one member and

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

is a wholly owned subsidiary of Molex Electronic Technologies, LLC, which is a limited liability company formed under the laws of Delaware, the officers and directors of which are primarily located at, and direct, control, and coordinate Molex Electronic Technologies, LLC's activities from its headquarters in Illinois. *Id*. at ¶13.

Molex Electronic Technologies, LLC has one member and is a wholly owned subsidiary of Molex Electronic Technologies Holdings, LLC, which is a limited liability company formed under the laws of Delaware, the officers and directors of which are primarily located at, and direct, control, and coordinate Molex Electronic Technologies Holdings, LLC's activities from its headquarters in Illinois. *Id*. at ¶14. Molex Electronic Technologies Holdings, LLC has one member and is a wholly owned subsidiary of Koch Industries, Inc., which is a corporation organized under the laws of Kansas, the officers and directors of which are primarily located at, and direct, control, and coordinate Koch's activities from its headquarters in Kansas. *Id*. at ¶15.

Therefore, at all times since Plaintiff commenced this lawsuit, Phillips is and has been a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). At all relevant times, Phillips is and has been a citizen of the State of Kansas.

### 4. *Doe Defendants Should Be Disregarded*

Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332(a);. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the real Defendants, Kelly and Phillips, have diverse citizenship.

### B. **The Amount In Controversy Requirement Has Been Met**

#### 1. *Standard To Demonstrate Amount In Controversy*

While Kelly denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, "a defendant's notice of removal need include only a

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Kelly is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Kelly can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer,* 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

Here, it is "more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (applying preponderance of evidence standard to amount in controversy analysis). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'"); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

In the Complaint, Plaintiff requests (1) compensatory damages, including losses arising from mental and emotional distress; (2) general and special damages; (3) lost past and future wages and benefits; (4) interest; (5) attorneys' fees and costs; (6) restitution; (7) injunctive relief, including reinstatement of position; and (8) punitive damages. Complaint at Prayer for Relief, 8:19-26. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

### 2.    *Plaintiff's Alleged Loss Of Earnings Exceeds $75,000*

Plaintiff is seeking alleged "lost past and future wages and benefits." *Id*. at 8:21. On July 3, 2019, Plaintiff's temporary assignment with Kelly's client, Phillips, ended. Reyes Decl. at ¶8. Plaintiff's last rate of pay with Kelly was $15.00 per hour, or approximately $2,600 per month (based on a 40 hour work week). *Id*. at ¶9.

Based upon the date Plaintiff's assignment with Phillips ended, July 3, 2019, Plaintiff's claim for lost wages to date is approximately $62,400 ($2,600 per month x 24 months). Conservatively estimating a trial date in May 2022, approximately 12 months after this Complaint was filed, approximately 35 months will have elapsed since the end of Plaintiff's assignment, totaling approximately $91,000 in alleged lost wages alone by the time of trial ($2,600 per month x 35 months). This amount does not account for the other special damages Plaintiff seeks, such as losses in employment benefits, which will further increase the claim for special damages.

In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

An award of three years' front pay would entitle Plaintiff to $93,600 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed the $75,000 jurisdictional threshold.

### 3. *General And Punitive Damages Exceed $75,000*

Although Kelly denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails at trial, Plaintiff is also seeking general damages, as well as punitive damages. Complaint at Prayer for Relief, 8:19-26. Plaintiff alleges he has suffered and continues to suffer from severe emotional distress. *Id*. at ¶¶20, 26, 32, and 39. Assuming Plaintiff seeks emotional distress damages at least equal to his claimed economic damages, the estimated calculation of the amount in controversy doubles to $182,000 *before* considering the amount of attorneys' fees incurred through trial or any award of punitive damages.

In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

In fact, such damages here may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See*, *e.g.*, *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

Plaintiff also seeks to recover punitive damages. Complaint at Prayer for Relief, 8:26. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here, for a defendant of Kelly's size, it is probable that a punitive damages award, if assessed, would exceed $75,000.

### 4.    *Attorneys' Fees Exceed $75,000*

Plaintiff also seeks attorneys' fees. Complaint at Prayer for Relief, 8:23. Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory

10

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code Section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees ***through trial***. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Here, Plaintiff alleges discrimination, harassment, and retaliation in violation of the FEHA, and, if he prevails, he could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, verdicts in comparable cases show that attorneys' fees typically exceed $75,000. S*ee*, *e.g.*, *Crawford v. DIRECTV, Inc*., No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp*., No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d. Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp*., No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for in case alleging discrimination, harassment, and retaliation); *Gallegos v. Los Angeles City College*, 2003 WL 23336379, Case No. SC270424 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**

Consequently, because there is complete diversity of citizenship and the amount in controversy satisfies the $75,000 threshold, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a), and removal is proper.

**IV.**    **VENUE**

Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446(a). This action originally was brought in the Superior Court of the State of California, Orange County, which is located within the Central District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**V.**    **SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT**

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Orange County.

**VI.**    **PRAYER FOR REMOVAL**

WHEREFORE, Kelly prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

DATED: July 7, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Kiran Lopez*
    Jamie C. Pollaci
    Kiran S. Lopez
    Attorneys for Defendant
    KELLY SERVICES USA, LLC

**DEFENDANT KELLY SERVICES USA, LLC'S NOTICE OF REMOVAL**