# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 05/13/2021 01:10:29 PM.
30-2021-01201136-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.
Case 8:21-cv-01179-CJC-DFM   Document 1-1   Filed 07/07/21   Page 2 of 10   Page ID #:20

LYON LEGAL, P.C.
DEVON M. LYON, ESQ. (State Bar No. 218293)
   Email: d.lyon@lyon-legal.com
MATTHEW B. PEREZ, ESQ. (State Bar No. 326350)
   Email: m.perez@lyon-legal.com
2698 Junipero Ave., Suite 201A
Signal Hill, CA 90755
(562) 216-7382 Telephone
(562) 216-7385 Facsimile

Attorney for Plaintiff,
**MICHAEL VELASQUEZ**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| MICHAEL VELASQUEZ, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>KELLY SERVICES USA, LLC, a California Corporation; PHILLIPS-MEDISIZE COSTA MESA, LLC, a California Corporation and DOES 1-10 inclusive,<br><br>      Defendants. | Case No.: 30-2021-01201136-CU-WT-CJC<br><br>Assigned for All Purposes Judge David A. Hoffer<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (RACE);**<br>2. **HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (RACE);**<br>3. **RETALIATION IN VIOLATION CALIFORNIA GOVERNMENT CODE § 12940 (ENGAGING IN A PROTECTED ACTIVITY); AND**<br>4. **WRONGFUL CONSTRUCTIVE TERMINATION.** |

I.

**INTRODUCTION**

On or about June 1, 2019, Michael Velasquez was hired by Kelly Services USA, LLC and immediately assigned to work as a Medical Assembler for Phillips-Medisize Costa Mesa LLC. Two weeks into his employment, Mr. Velasquez was subjected to severe racial discrimination and harassment by his co-workers. His co-workers referred to Mr. Velasquez as "[T]hat damn black guy," "Señor Chocolate", "Pinche Puto" and, "Mayate." These words are extremely harsh and degrading in the Spanish language.

Mr. Velasquez was subjected to many incidents that he reported to management and instead was retaliated against for each complaint. The worst part is those responsible for his safety at work after he reported incidents, did nothing to stop the harassment and discrimination. Instead the misconduct by his coworkers was perpetuated and encouraged. Phillips and Kelly are considered joint employers and are both responsible for providing Mr. Velasquez with a safe work environment. Both failed in that endeavor.

Kelly's failure to find Mr. Velasquez a new assignment after Mr. Velasquez reported that he no longer felt safe at work, is tantamount to a termination in retaliation for his numerous complaints to both Phillips and Kelly about the racially charged working environment.

II.

**PARTIES AND JURISDICTION**

Plaintiff, MICHAEL VELASQUEZ, is informed and believes, and alleges thereon, the following:

1. Plaintiff, MICHAEL VELASQUEZ (hereinafter "Plaintiff") is, and at all times mentioned herein, a resident of the County of Los Angeles, and is a citizen of the State of California. At all times mentioned herein, Plaintiff is and was engaging in a protected activity.

2. Plaintiff is informed and believes, and thereon alleges that the acts pleaded herein were committed against him in the City of Costa Mesa, in Orange County, California.

3. Plaintiff is informed and believes, and thereon alleges that Defendant KELLY SERVICES USA, LLC, a Michigan Corporation, (hereinafter referred to as "KELLY") is a

1  California Corporation located at 790 The City Drive South, Suite 150, Orange, California 92868.
2  The agent for service of process in California is identified as Kelly Services USA LLC, 818 West
3  Seventh Street, Suite 930, Los Angeles, California 90017.
4        4.      Plaintiff is informed and believes, and thereon alleges that Defendant PHILLIPS-
5  MEDISIZE COSTA MESA, LLC, a Delaware Corporation, (hereinafter referred to as
6  "PHILLIPS") is a California Corporation located at 3545 Harbor Avenue, Costa Mesa, California
7  92626. The agent for service of process in California is identified as Phillips-Medisize Costa Mesa,
8  LLC, 2222 Wellington Court, Lisle, IL 60532.
9        5.      The true capacities of DOES 1 through 10, inclusive, whether individual, corporate,
10 associate, or otherwise, are unknown to Plaintiff who therefore sues said Defendants by such
11 fictitious names. At all relevant times herein, each of the fictitiously-named Defendants was an
12 employee, agent, servant, partner, member, shareholder, officer, director, managing agent, joint
13 venture, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of
14 such agency or employment.
15       6.      Each of the fictitiously-named Defendants is responsible for the wrongful acts
16 alleged herein, and that Plaintiff's damages, as alleged herein, were proximately caused by such
17 Defendants. Plaintiff will amend this Complaint to show the true names and capacities of said
18 Defendants when they have been ascertained.
19       7.      As used herein, the term "'Defendants" means all Defendants, both jointly and
20 severally, and references by name to any named Defendant shall include all Defendants, both
21 jointly and severally. Plaintiff is further informed and believes and thereon alleges that Defendants
22 were acting within the purpose and scope of their agency and employment and with the knowledge
23 and consent of each other.
24       8.      Pursuant to Cal. Gov't Code § 12960 et seq., Plaintiff filed a retaliation charge
25 against Defendant with the California Department of Fair Employment and Housing (DFEH) on
26 May 21, 2020, less than three years from the date of most recent wrongful act (constructive
27 termination.)
28 / / /

9. On May 21, 2020, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH satisfying all administrative requirements necessary to proceed with the filing of this lawsuit in Superior Court.

### III.

### FACTUAL ALLEGATIONS

10. On or about June 1, 2019, Plaintiff was hired by Kelly and immediately assigned to work as a Medical Assembler for Phillips in Costa Mesa, California. Two weeks into his employment, Plaintiff was subjected to severe racial discrimination and harassment by his co-workers. Specifically, co-workers referred to Plaintiff as "[T]hat damn black guy," "Señor Chocolate", "Pinche Puto" and, "Mayate." Plaintiff reported this harassment to his supervisor, Richard Prado, who retaliated against Plaintiff by taking him off the line and moving him to the less desirable molding machine. Because Mr. Prado did nothing to quell the harassment, it continued and was encouraged by the Line Lead, Charlie.

11. On July 2, 2019, Plaintiff again complained to Mr. Prado about the racial harassment to which he was subjected. Instead of addressing the harassment, Plaintiff was again moved to another location on the production floor. That same day, two Hispanic gentlemen made insulting comments and gestures towards Plaintiff including, "Pinche Mayate".

12. On the afternoon of July 2, 2019, Plaintiff left work with Mr. Sochetra Sao. On the way to his vehicle, he found a cell phone on the ground. He picked it up so that it did not get run over by a vehicle and crushed. He intended to return it to management the next day. On his way home, Plaintiff was confronted by a Hispanic man who accused Plaintiff of stealing his phone. Plaintiff showed the man the phone and asked if that was his to which he called Plaintiff the N-word and threatened to physically assault him at work the next day.

13. Fearing for his safety, Plaintiff called his supervisor, Donna Tran, and left her a voicemail message. On July 3, 2019, Plaintiff spoke with Ms. Tran and reported what had occurred including, reporting that the phone had been returned to the owner. Plaintiff told Ms. Tran that he did not feel safe to return to work. In response, Ms. Tran said that she would find Plaintiff another job. To date, no efforts have been made to find Plaintiff a new assignment. In

1  addition, Plaintiff spoke with two other Kelly representatives who have failed to find a new
2  assignment for Plaintiff.

3      14.    Phillips and Kelly are considered joint employers and are therefore both responsible
4  for providing Plaintiff with a safe work environment. Both failed in that endeavor. Additionally,
5  Kelly's failure to find Plaintiff a new assignment is tantamount to a termination in retaliation for
6  his numerous complaints to both Phillips and Kelly about the racially charged working
7  environment by which he was subjected.

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940

## (RACE)

**(Against All Defendants)**

14      15.    The allegations of prior paragraphs are realleged and incorporated herein by
15  reference.

16      16.    At all times herein mentioned, the FEHA was in full force and effect and was
17  binding on Defendants KELLY, PHILLIPS, and DOES 1-10. These statutes require KELLY and
18  PHILLIPS to refrain from discriminating against an employee on the basis of his race.

19      17.    Within the time provided by law, Plaintiff filed a complaint with the DFEH in full
20  compliance with administrative requirements and received a right-to-sue letter.

21      18.    As detailed above, Plaintiff was subjected to adverse employment actions based on
22  his race and because of a discriminatory motive. Defendants KELLY and PHILLIPS
23  discriminatory adverse employment actions included unequal conditions of employment and less
24  favorable working assignments.

25      19.    Defendants KELLY and PHILLIPS acts were malicious, oppressive, and/or
26  fraudulent with the intent to vex, injure, annoy, humiliate, and embarrass Plaintiff and in conscious
27  disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive
28  damages from Defendants.

20.     Defendants' actions caused Plaintiff to sustained economic damages to be proven at trial. As a further result of Defendants' actions, Plaintiff has suffered emotional distress resulting in damages to be proven at trial.

21.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof which he is entitled under the FEHA to collect if considered the prevailing party.

## SECOND CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940

## (RACE)

**(Against All Defendants)**

22.     The allegations of prior paragraphs are realleged and incorporated herein by reference.

23.     The above conduct by Plaintiff's supervisors, and conduct by Plaintiff's co-workers that was known to Plaintiff's supervisors was unwelcome and directed toward Plaintiff because of his race and color.

24.     Plaintiff made complaints to Defendants about the harassing conduct he suffered, nevertheless, the harassment continued. Defendants failed to conduct a prompt and through investigation into the allegations of race and color harassment and discrimination.

25.     Defendants acts were malicious, oppressive, and/or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff and was in conscious disregard of the rights and/or safety of Plaintiff and other employees of the Defendant. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

26.     Defendants' actions caused Plaintiff to sustained economic damages to be proven at trial. As a further result of Defendants' actions, Plaintiff has suffered emotional distress resulting in damages to be proven at trial .

27.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof which he is entitled under the FEHA to collect if considered the prevailing party.

## THIRD CAUSE OF ACTION

## <u>RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940</u>

## <u>(ENGAGING IN A PROTECTED ACTIVITY)</u>

**(Against All Defendants)**

28. The allegations of prior paragraphs are realleged and incorporated herein by reference.

29. At all times herein mentioned, FEHA was in full force and effect and was binding on Defendants. These statutes require Defendants refrain from discriminating against an employee's race. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirement, and received a right-to-sue letter.

30. As detailed above, KELLY and PHILLIPS retaliated against him for engaging in the protected activity.

31. As a result of KELLY and PHILLIPS retaliation, Plaintiff has suffered an adverse employment action (i.e. termination of employment) and as a result has incurred lost wages.

32. As a proximate result of KELLY and PHILLIPS's retaliation against Plaintiff for his engagement in protected activities, Plaintiff has suffered and continues to suffer from severe emotional distress.

33. KELLY and PHILLIPS's retaliation against Plaintiff for engagement in a protected activity was done intentionally, in a malicious and oppressive manner, entitling Plaintiff to damages.

34. Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof which is entitled under the FEHA to collect if considered the prevailing party.

/ / /

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

## <u>WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY</u>

### (Against All Defendants)

35. The allegations of prior paragraphs are realleged and incorporated herein by reference.

36. Plaintiff believes and thereon alleges that his protected class (race) and retaliation for engaging in the above stated protected activities was a substantial factor in KELLY and PHILLIPS' conduct as alleged above.

37. The above said acts of KELLY and PHILLIPS constitute violations of the FEHA and the public policy of the State of California embodied therein as set forth above.

38. As a result of the adverse employment action (termination), Plaintiff has incurred lost wages.

39. Under the cause of action, Plaintiff seeks an award of emotional distress and punitive damages.

## V.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff prays for relief and judgment against Defendants and DOES 1-10, as follows:

1. For compensatory general damages including, losses arising from mental and emotional distress and other special and general damages according to proof at trial;

2. For lost past and future wages and benefits;

3. Interest;

4. For attorneys' fees and costs;

5. For restitution;

6. For injunctive relief including, reinstatement of position;

7. For punitive damages; and

8. Any other relief deemed appropriate by the Court.

///

## VI.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

LYON LEGAL, P.C.

Dated: May 13, 2021         By:    /s/Devon M. Lyon
                                   DEVON M. LYON, ESQ.
                                   MATTHEW B. PEREZ, ESQ.

                                   Attorneys for Plaintiff,
                                   **MICHAEL VELASQUEZ**